Caleb E. Mason, Esq. (State Bar No. 246653)
Nia C. Wahl, Esq. (State Bar No. 339904)
WERKSMAN JACKSON & QUINN, LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
cmason@werksmanjackson.com
nwahl@werksmanjackson.com
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Plaintiff
Toni McBride

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAPD OFFICER TONI MCBRIDE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHIEF OF POLICE MICHEL MOORE; LOS ANGELES POLICE DEPARTMENT,<br><br>    Defendants. | **Case No.: 2:23-cv-02904-RKG-JPR**<br><br>**JOINT RULE 26(f) REPORT** |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD**:

1    Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 16 and Rule
2 26(f) and as set forth in the scheduling order of this court, the following is a report
3 regarding the conference of the parties between counsel in this matter.
4    Counsel met and conferred on June 22, 2023. Plaintiff was represented by
5 Nia Wahl, of Werksman Jackson & Quinn. Defendants were represented by lead
6 counsel Keimer E. Raymond, of the Los Angeles City Attorney's Office. The
7 following is the Joint Report of the parties addressing the issues required by this
8 court's scheduling orders:

**A.  Statement of the Case**:

Plaintiff's Statement of the Case:

Plaintiff Toni McBride, a Los Angeles Police Department Officer, alleges that Defendants, the Los Angeles Police Department ("LAPD") and Chief of Police Michel Moore ("Chief Moore"), deliberately blocked multiple job promotions and transfers due to her social media posts. Officer McBride's social media posts present her training for and competing in shooting competitions that are largely male dominated, discussing gun safety and tips, and how women can safely carry a firearm – all matters of public concern. Chief Moore told Officer McBride that he would destroy her career unless she deleted her posts and got off social media completely. Chief Moore followed through on his promise. There are dozens of male officers in similar positions that post virtually the same type of content on social media that have never been reprimanded for their social media.

Defendants' Statement of the Case:

In April 2020, Plaintiff Toni McBride ("Plaintiff") discharged six rounds into Daniel Hernandez ("Hernandez"), fatally wounding him. Upon review of the incident, the Board of Police Commissioners classified rounds five and six as administrative disapproval. Between April 2020 and July 2021, there was a complaint against Plaintiff regarding her use of her social media platform to illustrate pride in shooting and killing Hernandez.

In July 2021, Chief of Police, Michel Moore ("Chief Moore") referred Plaintiff to the Risk Management Executive Committee (RMEC) subcommittee for evaluation due to this fatal shooting. Subsequently, Plaintiff was placed on restrictive duty, and maintained this status subject to Plaintiff undergoing Los Angeles Police Department ("LAPD") reintegration training; and further evaluation following training completion. None of the actions taken by LAPD or by Chief Moore were retaliatory or discriminatory in nature.

### B. Subject Matter Jurisdiction:

This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### C. Legal Issues:

Defendant notes the following legal issues in dispute:

1. Whether the City of Los Angeles discriminated and retaliated against Plaintiff by denying her promotion from Police Officer II to Police Officer III.
2. Whether Chief Moore discriminated and retaliated against Plaintiff by blocking her promotion from Police Officer II to Police Officer III.
3. Whether the City of Los Angeles discriminated and retaliated against Plaintiff by denying her patrol assignment to Rampart.
4. Whether Chief Moore discriminated and retaliated against Plaintiff by blocking her patrol reassignment to Rampart.
5. Whether Chief Moore discriminated and retaliated against Plaintiff by directing her to take down her social media videos and posts.

### D. Parties and Non-Party Witnesses:

i. Plaintiff has identified the following list of parties and percipient witnesses:

Officer Toni McBride; Chief of Police Michel Moore; Lieutenant Craig Lally; Deputy Chief Daniel Randolph; Constitutional Policing Advisor

      Elizabeth Rhodes; and employees of the City of Los Angeles whose names are currently unknown, including LAPD Personnel Department.

  ii. <u>Defendant has identified the following list of parties and percipient witnesses:</u>

      Officer Toni McBride, Chief of Police Michel Moore, Deputy Chief Daniel Randolph, and employees of LAPD who have yet to be identified.

**E.  <u>Damages</u>:**

  Subject to proof at trial. As set forth in the Complaint, damages alleged include, inter alia, reputational harm, psychological and emotional harm, lost earnings, lost future earnings, and lost promotional and employment opportunities.

**F.  <u>Insurance</u>:**

  There is no applicable insurance coverage.

**G.  <u>Motions</u>:**

  Both parties contemplate potential motions for summary judgment. Defendants also contemplate filing a Motion for Judgment on the Pleadings.

**H.  <u>Status of Discovery</u>:**

  The parties have held their Rule 26(f) conference, and agreed to conduct discovery expeditiously and consistent with the Federal Rules of Civil Procedure.

**I.  <u>Discovery Plan</u>:**

  The parties have held their Rule 26(f) conference, and discussed the intention to request interrogatory responses, requests for admission, requests for production, and depositions. The parties agree to cooperate in ensuring that discovery proceeds expeditiously.

**J.  <u>Discovery Cut-off</u>:**

  To be set by the Court and/or the Federal Rules of Civil Procedure.

K. **Expert Discovery**:

The parties anticipate potentially retaining expert witnesses, on a schedule to be set by the Court and/or the Federal Rules of Civil Procedure.

L. **Dispositive Motions**:

Both parties contemplate potential motions for summary judgment. Defendant also contemplates filing a Motion for Judgment on the Pleadings.

M. **Settlement**:

The parties anticipate moving forward with mediation within the next year.

N. **Trial Estimate**:

The parties estimate that the trial will require two weeks (ten court days).

O. **Trial Counsel**:

Plaintiff: Caleb Mason and Nia Wahl, Werksman Jackson & Quinn, LLP.

Defendant: Keimer E. Raymond and James K. Audrey from the Los Angeles City Attorney's Office.

P. **Independent Expert or Master**:

The parties do not believe an independent scientific expert or Master is necessary at this time.

Q. **Timetable**:

Defendants request a trial date in Fall 2024, Plaintiff can be ready for trial in the Spring of 2024.

R. **Other Issues**:

None at this time.

S. **Patent Cases**:

Not applicable.

///
///
///
///

T. **Magistrate Judge**:

The parties do not wish to have a Magistrate Judge preside over the action.

Dated: July 6, 2023

/s/ *Caleb E. Mason*

Caleb E. Mason
Nia C. Wahl
Werksman, Jackson & Quinn, LLP
Attorneys for Plaintiff

Dated: July 6, 2023

/s/ *Keimer E. Raymond*

Keimer E. Raymond
James K. Audrey
City Attorney's Office, Los Angeles
Attorneys for Defendants