SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
ANETA FREEMAN, Managing Assistant City Attorney (SBN 196624)
E-Mail: aneta.freeman@lacity.org
**KEIMER E. RAYMOND, Deputy City Attorney** (SBN 316393)
E-Mail:  keimer.raymond@lacity.org
200 North Main Street, City Hall East – 7th Floor
Los Angeles, California 90012
Tel.:  213.978.8200 | Fax:  213.978.8216

Attorneys for Defendants, **CITY OF LOS ANGELES, CHIEF OF POLICE MICHEL MOORE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

| | |
|---|---|
| LAPD OFFICER TONI MCBRIDE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHIEF OF POLICE MICHEL MOORE; LOS ANGELES POLICE DEPARTMENT<br><br>Defendants. | **Case No.:** 2:23-cv-02904-RGK-JPR<br><br>Assigned to Hon. R. Gary Klausner Courtroom 850<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RELATING TO THE DEPOSITION NOTICES OF THE CITY'S 30(B)(6) WITNESS AND OFFICER SAMUEL BRIGGS [FRCP RULE 26(c)]; AND MEMORANDUM OF POINTS AND AUTHORTIES**<br><br>**Date:       January 18, 2024**<br>**Time:       10:00 a.m.**<br>**Courtroom: 690**<br><br>Complaint Filed:   April 20, 2023 |

///

///

**TO THE HONORABLE COURT, PLAINTIFF AND HER COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on January 18, 2024 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Jean P. Rosenbluth in Courtroom 690, 6th Floor located at 255 East Temple Street, Los Angeles, CA 90012, Defendants CITY OF LOS ANGELES, and CHIEF MICHEL MOORE ("Defendants") will, and hereby do move this Court for the entry of an Order that prevents Plaintiff from taking the deposition of Officer Samuel Briggs and the deposition of the Rule 30(b)(6) witness for the four categories identified by Plaintiff in the notice.

This Motion is made following a meet and confer conference of the parties, pursuant to L.R. 7-3, as to the person most knowledgeable deposition only, on December 19, 2023. Plaintiff's Counsel failed to respond to Defendants' request to meet and confer as to the deposition notice of Officer Samuel Briggs.

**ISSUES TO BE DECIDED**

1. Whether a protective order should issue precluding the deposition of Officer Samuel Briggs on issues that have been addressed through written discovery and depositions.
2. Whether a protective order should issue precluding the deposition of individuals who have already testified to the category of issues identified in the Rule 30(b)(6) deposition notice, or testimony that will be elicited in noticed depositions.

Dated:  December 29, 2023        ANETA FREEMAN, Managing Assistant City Attorney
                                 KEIMER E. RAYMOND, Deputy City Attorney


                                 By:  /s/ KEIMER E. RAYMOND
                                       **KEIMER E. RAYMOND**
                                       Deputy City Attorney
                                 Attorneys for Defendants, **CITY OF LOS ANGELES**,
                                 **CHIEF OF POLICE MICHEL MOORE**

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RELATING TO THE DEPOSITION NOTICES OF THE CITY'S 30(B)(6) WITNESS AND OFFICER SAMUEL BRIGGS [FRCP RULE 26(c)]; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Toni McBride ("Plaintiff") filed a lawsuit against Defendants City of Los Angeles and Chief Michel Moore (collectively "Defendants") alleging that Chief Moore met with Plaintiff in his office on September 30, 2022 because he did not like her "image" and wanted her to cease posting on social media. (Plaintiff's First Amended Complaint ("FAC") ¶ 55). Furthermore, Plaintiff alleges that Chief Moore blocked her "promotion" from police officer two (2) to police officer three (3); and a transfer. (FAC, ¶ 80.)

Plaintiff now seeks to depose LAPD Officer Samuel Briggs. However, Plaintiff has failed to articulate why his deposition is necessary given that he has no involvement with this lawsuit whatsoever.

Also, Plaintiff seeks to depose a person most knowledgeable relating to the following categories:

1. Officer Toni McBride's application in 2022 for a position as an instructor at the LAPD Academy, including consideration of an [sic] recommendations regarding that application by all LAPD personnel who reviewed or acted on it, and any documentation regarding it.
2. The LAPD's imposition of discipline on any male officers based on the officers' personal social media content depicting or involving display or use of firearms.
3. All recommendations from the Risk Management Executive Committee relating to Officer Toni McBride, including all communications regarding said recommendations with or including Chief Moore.
4. The past and current employment, as instructors as [sic] the LAPD Academy, of officers who have had an Officer Involved Shooting (OIS) that has been ruled out-of-policy by the Police Commission and/or the Chief of Police.

The foregoing categories have already been addressed in prior depositions in this case, or the subject matter identified above will be addressed in upcoming depositions, that have been set by Plaintiff. Thus, this Rule 30(b)(6) deposition notice is cumulative, and

unnecessary.

## II. LEGAL AUTHORITY

Pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FRCP Rule 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery […] (C) prescribing a discovery method other than the one selected by the party seeking discovery […] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FRCP Rule 26(c)(1)(A), (C), (D).

## III. ARGUMENT

**A. A Protective Order Preventing Officer Briggs's Deposition is Warranted.**

First, on December 19, 2023, Plaintiff served the notice of deposition of LAPD Officer Samuel Briggs ("Officer Briggs") and failed to respond to Defendants' request to meet and confer about why Plaintiff set his deposition. (Raymond Decl. ¶¶ 2, 4, Exhibits A, C.) Defendants received no response from Plaintiff's Counsel in this regard. (Raymond Decl. ¶ 7.) Therefore, Defendants are left to speculate as to the basis for his deposition.

Assuming that Plaintiff wants to depose Officer Briggs because he was transferred as a firearms instructor after he was involved in an officer involved shooting, this is irrelevant for several reasons. One, Officer Briggs was transferred as a firearms instructor under Chief Charlie Beck, not Chief Moore. (Declaration of Ali Kaspian ("Kaspian Decl."), ¶ 4.) Here, Plaintiff is alleging that Chief Moore (not any other former Chief of Police) "blocked" her paygrade advancement to firearms instructor because he did not like her social media posts. Moreover, Plaintiff is alleging that Chief Moore (not any other former Chief of Police) "blocked" her transfer to Rampart. Because Chief Beck and not Chief Moore was the Chief

of Police at the time Officer Briggs was selected as the firearms instructor, his deposition is irrelevant and unnecessary. Second, the adjudication of Officer Briggs' shooting took place under Chief Beck, and not Chief Moore. (Kaspian Decl., ¶ 9.) Here, Plaintiff is alleging that Chief Moore, not Chief Beck is/was the bad actor. Third, Defendants are not aware of, and Plaintiff has never disclosed in discovery, any issues connecting Officer Briggs with a paygrade advancement to firearms instructor in spite of being involved in an officer involved shooting where his social media posts were also at issue for the Department. Summarily, Plaintiff's deposition subpoena for Officer Briggs is unnecessary, irrelevant, and an undue burden.

### B. A Protective Order Barring Cumulative Testimony via the Rule 30(b)(6) Deposition Notice is Warranted.

On December 19, 2023 Plaintiff served Defendants will the Rule 30(b)(6) deposition notice relating to the following categories:

1. Officer Toni McBride's application in 2022 for a position as an instructor at the LAPD Academy, including consideration of an [sic] recommendations regarding that application by all LAPD personnel who reviewed or acted on it, and any documentation regarding it.

2. The LAPD's imposition of discipline on any male officers based on the officers' personal social media content depicting or involving display or use of firearms.

3. All recommendations from the Risk Management Executive Committee relating to Officer Toni McBride, including all communications regarding said recommendations with or including Chief Moore.

4. The past and current employment, as instructors as [sic] the LAPD Academy, of officers who have had an Officer Involved Shooting (OIS) that has been ruled out-of-policy by the Police Commission and/or the Chief of Police.

(*See* Declaration of Keimer E Raymond ("Raymond Decl."), ¶ 3, Exhibit B.) As it relates to Category one, Plaintiff's Counsel has deposed Deputy Chief Marc Reina ("Deputy Chief Reina"), who is the commanding officer of Training Bureau. (Raymond Decl., ¶¶ 10-11.)

Deputy Chief Reina testified to the review process of Plaintiff's application to become firearms instructor, and has testified that he made the final decision that Plaintiff was not the appropriate candidate for the position. (Raymond Decl., ¶ 13.) Moreover, Plaintiff has noticed the deposition of Captain Christopher Zine ("Captain Zine"), who is a commanding officer at Training Division, and who was involved in the selection process for firearms instructors at the time that Plaintiff applied. (Raymond Decl., ¶¶ 14-17.) Therefore, producing yet another person from LAPD to speak about the same information that Deputy Chief Reina has already testified to, and which Captain Zine will additionally testify to, is harassing in nature, and results in unnecessary and unwarranted expense and burden. Therefore, Defendants respectfully request that the Court bar Plaintiff's Rule 30(b)(6) deposition notice, as it relates to category one, pursuant to FRCP 26(c)(1)(A).

As it relates to Category two, Chief Michel Moore was deposed and testified that no male officers have been disciplined for posting personal social media content depicting or involving display or use of firearms. Thus, Defendants respectfully request that the Court bar Plaintiff's Rule 30(b)(6) deposition notice, as it relates to category two, pursuant to FRCP 26(c)(1)(A).

As it relates to Category three, Plaintiff has scheduled the deposition of the Director of Constitutional Policy and Policing, Lizabeth Rhodes who will speak about the Risk Management Executive Committee's recommendations regarding Plaintiff's duty status. Thus, Defendants respectfully request that the Court bar or limit any further discovery into this category from other deponents, pursuant to FRCP Rule 26(c)(1)(A), (C), (D).

Finally, and as it relates to Category four, Plaintiff has agreed to limit the requests to the past five years. With that being the case, Officer Briggs is the only relevant LAPD sworn employee. But again, and as previously stated, his officer involved shooting took place when Chief Beck was the LAPD Chief of Police. (Declaration of Ali Kaspian, ¶¶ 4, 9.) Moreover, Officer Briggs transferred to firearms instructor through a completely different chain of command. (Declaration of Ali Kaspian, ¶¶ 4, 6.) Therefore, exploring this category any further through a person most knowledgeable deposition is a waste of time, resources,

and an undue burden and expense to all parties. Therefore, Defendants respectfully request that the Court bar Plaintiff's Rule 30(b)(6) deposition notice, as it relates to category four, pursuant to FRCP 26(c)(1)(A).

## IV. CONCLUSION

In view of the foregoing, Defendants respectfully requests the Court grants its Motion for Protective Order in its entirety.

Dated:  December 29, 2023       ANETA FREEMAN, Managing Assistant City Attorney
                                KEIMER E. RAYMOND, Deputy City Attorney


By:  /s/ KEIMER E. RAYMOND
**KEIMER E. RAYMOND**
Deputy City Attorney
Attorneys for Defendants, **CITY OF LOS ANGELES**, **CHIEF OF POLICE MICHEL MOORE**